

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2006

# Bauer v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bauer v. Atty Gen USA" (2006). *2006 Decisions.* Paper 321.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/321

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-348                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2071
_____

FREDERICK W. BAUER, EX PARTE

v.

U.S. ATTORNEY GENERAL AGENTS, ET AL.
U.S. DISTRICT COURT(S) ET AL.
U.S. COURTS OF APPEAL ET AL.
U.S. CONGRESS ET AL.; U.S. SOLICITOR GENERAL

Frederick W. Bauer,
Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-00794)
District Judge:  Honorable Clifford Scott Green
_____

Submitted For Possible Dismissal or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6

BEFORE:  SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed:  October 16, 2006)

_____

OPINION
_____

PER CURIAM

Frederick W. Bauer, a federal prisoner, appeals the order of the United States District Court for the Eastern District of Pennsylvania dismissing without prejudice for lack of jurisdiction his habeas petition brought pursuant to 28 U.S.C. § 2241.

Bauer was convicted in the United States District Court for the Western District of Wisconsin on assorted drug charges and was sentenced to thirty years of imprisonment. The Seventh Circuit Court of Appeals affirmed and the U.S. Supreme Court denied certiorari in 1992. United States v. Bauer, 956 F.2d 693 (7th Cir.), cert. denied, 506 U.S. 1029 (1992). Bauer does not assert, and the record does not indicate that he ever filed a § 2255 motion to vacate his conviction on the drug charges.[1] From 1992 through 2002, he filed numerous motions for extraordinary relief in the Supreme Court, all of which were denied. He also filed many civil rights suits and other actions in districts across the nation, all of which were transferred to the District of Minnesota, in which Bauer was confined, and disposed of there. In 2001 and 2002, Bauer filed two § 2241 petitions, one in the Eastern District of Virginia, and the other in the Northern District of California, raising claims challenging his conviction and sentence and complaining of lack of access to his legal materials. Both § 2241 petitions were transferred to the District in Minnesota and both petitions were dismissed. See Bauer v. Ervin, Civ. A. No. 01-0917 (D. Minn. Nov. 11, 2002) (holding that it lacked jurisdiction to review Bauer's § 2241 petition

---

[1]According to Bauer, he only pursued § 2255 relief for a separate criminal tax conviction. See Habeas Petition, Ex. "A," at # # 5 & 19; United States v. Bauer, No. 88-CR-0055-C-01.

2

which challenged his criminal conviction); <u>Bauer v. Ashcroft</u>, Civ. A. No. 02-4068 (D. Minn. Fed. 19, 2003) (same).

In 2006, Bauer filed a § 2241 petition, which he amended twice, in the Eastern District of Pennsylvania. Yet again, he challenges his drug conviction on essentially the same grounds that he has articulated in prior § 2241 petitions. Bauer alleges that the Department of Justice, the Bureau of Prisons, and the FBI orchestrated a fundamentally unfair trial against him on his drug charges by knowingly using an informant's false testimony against him and by making false representations to the trial court about Bauer's financial assets in order to defeat his motions to proceed <u>in forma pauperis</u> and for appointment of counsel, thereby forcing Bauer to proceed to trial <u>pro se</u>. He seeks release from imprisonment.

The District Court summarily dismissed the § 2241 petition. The District Court found that Bauer was sentenced in the Western District of Wisconsin and that he was incarcerated in a federal correctional facility in the District of Minnesota and thus, regardless whether the habeas petition was characterized as a petition pursuant to 28 U.S.C. § 2241 or as a motion to vacate pursuant to § 2255, the District Court lacked jurisdiction over either matter. Without re-characterizing the petition, the District Court dismissed it without prejudice to Bauer's refiling it in another district court. Bauer timely appealed.

3

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[2]  For essentially the same reasons set forth by the District Court in its Order entered March 7, 2006, we will summarily affirm.  The District Court properly dismissed the petition without prejudice to Bauer's filing it in the appropriate court.  Instead of filing a § 2255 motion to vacate, Bauer has filed at least two § 2241 petitions challenging his drug conviction in courts that lack jurisdiction over the matter.  Bauer is an experienced litigator.  If he seeks immediate release from prison because the underlying drug conviction is unlawful, he must file a § 2255 motion in the District where he was sentenced.  28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (holding that a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge to his sentence).

Because no substantial question is presented by this appeal, the District Court's judgment will be affirmed.  See Third Circuit LAR 27.4 and I.O.P. 10.6.  Appellant's motions to consolidate, for extraordinary remedy, and for summary judgment are denied.

---

[2]The order dismissing Bauer's petition without prejudice to his refiling it in another court is final and appealable because the order ended the district court proceedings once and for all in the United States District Court for the Eastern District of Pennsylvania and no amendment of the petition can cure the defect in jurisdiction.  See Borelli v. City of Reading, 532 F. 2d 950, 951-52 (3d Cir. 1976) (per curiam).

4